```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                            :
ERIC HINES,                 :
                            :
          Plaintiff,        :     Civ. No. 20-3183 (NLH)(SAK)
                            :
     v.                     :     ORDER PROCEEDING COMPLAINT
                            :
                            :
GARY M. LANIGAN, et al.,    :
                            :
          Defendants.       :
_____ :
```

1. Federal law requires this Court to screen Plaintiff's Complaint for sua sponte dismissal prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) and to dismiss any defendant who is immune from suit. See 28 U.S.C. § 1915(e)(2)(B).

2. This Court has screened the Complaint in this action for dismissal and has determined that the Complaint shall proceed under 42 U.S.C. § 1983 in part.[1]

---

[1] The Court's preliminary review under 28 U.S.C. § 1915 does not determine whether the allegations in the complaint would survive a properly supported motion to dismiss filed by a defendant after service. See Richardson v. Cascade Skating Rink, No. 19-08935, 2020 WL 7383188, at *2 (D.N.J. Dec. 16, 2020) ("[T]his Court recognizes [a] § 1915(e) screening determination is a preliminary and interlocutory holding, subject to revision at any time prior to entry of final judgment." (internal quotation marks omitted)).

3.   Plaintiff, a state prisoner confined in South Woods State Prison ("SWSP"), raises three claims against 18 defendants, including the New Jersey Department of Corrections ("NJDOC") and SWSP.  The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. amend. XI.  "Absent a state's consent, the eleventh amendment bars a civil rights suit in federal court that names the state as a defendant...."  Laskaris v. Thornburgh, 661 F.2d 23, 25 (3d Cir. 1981).  Section 1983 does not override a state's Eleventh Amendment immunity, which extends to state officials sued in their official capacity for monetary damages.  Quern v. Jordan, 440 U.S. 332, 338 (1979); Turner v. Johnson, No. 17-541, 2020 WL 6323698, at *4 (D.N.J. Oct. 28, 2020) ("Indeed, a state official sued in his official capacity for monetary damages is not a 'person' for purposes of Section 1983.").  Accordingly, the Court will dismiss all constitutional claims against Defendants NJDOC, SWSP, and official capacity claims as barred by sovereign immunity.[2]

---

[2] Plaintiff also invokes the New Jersey Civil Rights Act.  Such a claim will also be dismissed as against the state and state officials in their official capacity.  "The NJCRA was based on 42 U.S.C. § 1983 and creates a private right of action for civil

4.   Plaintiff alleges in Count One that Defendant Thomas Berge prescribed Trazadone to Plaintiff on April 19, 2018.  ECF No. 1 at 15.  Plaintiff alleges he suffered severe Priapism as a result.  Id.  "Because of [Defendant Berge's] failure to instruct me on peripheral or secondary effect of said drug, Plaintiff was dumbfounded and had no idea what was happening."  Id.  Plaintiff states he notified the "morning medication nurse" on June 9, 2018 and continued to take the medication until June 11, 2018 when he was rushed to the hospital.  Id.  He alleges that "[d]eliberate indifference standard applies to failure to inform Plaintiff of adverse consequences of medication."  Id. at 15-16.

5.   A plaintiff can establish deliberate indifference by showing that a prison official: "(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment."  Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999).  Defendant Berge's alleged failure to

---

rights claims asserting a deprivation 'by a person acting under color of law,' of 'any substantive rights, privileges or immunities secured by the Constitution or laws of the United States.'"  Szemple v. Rutgers, No. 10-05445, 2016 WL 1228842, at *4 (D.N.J. Mar. 29, 2016) (quoting N.J.S.A. §§ 10:6-1, 6-2). "This district has repeatedly interpreted NJCRA analogously to § 1983."  Trafton v. City of Woodbury, 799 F. Supp. 2d 417, 443 (D.N.J. 2011) (citing cases).

inform Plaintiff of the potential side effects of Trazadone is insufficient to demonstrate deliberate indifference. "Even if this allegation could rise to the level of negligence, simple negligence cannot support an Eighth Amendment claim." Bryant v. Kaskie, 744 F. App'x 39, 42 (3d Cir. 2018) (finding that failure to warn of potential side effect of medication did not rise to level of deliberate indifference).

6. The Court will dismiss the Eighth Amendment claim against Defendant Berge and the related failure to supervise claims. However, the Court will exercise supplementary jurisdiction over the related state law negligence claim against Defendant Berge and his employer, University Correctional Health Care ("UCHC"). 28 U.S.C. § 1367(a). The remainder of Count One will be dismissed without prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii).

7. Count Two also alleges deliberate indifference to his medical needs. According to the complaint, Defendants Jennifer Farestead and Angela Thomas, nurse practitioners at SWSP, failed to inform Plaintiff of a spot on his lungs that they had knowledge of since 2015. ECF No. 1 at 18. Plaintiff alleges he filed grievances with Defendants UCHC, Grace Amistico, Sharmalie Perea, Dr. Latimore-Collier, Stacy William-Hall, Anthony Thomas, and Linda Linen about the nurses' actions but they took no

4

action.  Id. at 18.  The Court will permit these claims to proceed.

8.   The Court will dismiss Defendants Lanigan and Bonds from the second claim.  "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).  A supervisor may be liable for the actions of a subordinate if they "established and maintained a policy, practice or custom which directly caused the constitutional harm," or "participated in violating Plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced to" their subordinate's violations.  A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr., 372 F.3d 572, 585 (3d Cir. 2004).  "Allegations of participation or actual knowledge and acquiescence ... must be made with appropriate particularity." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).

9.   Plaintiff does not provide any facts that would support a reasonable inference that Defendants Lanigan and Bonds had personal involvement.  There are no facts that suggest Lanigan or Bonds enacted policies or maintained customs that lead to the alleged constitutional violation.  There are no facts suggesting they had knowledge of, or acquiesced in, the

underlying conduct.  Accordingly, Defendants Lanigan and Bonds will be dismissed from the second claim.

10.  Count Three alleges Defendant Victoria D'Amico, a nurse practitioner, denied Plaintiff's request "to have a medical diet imposed do [sic] to severed GERD,[3] severe stomach pains, persistent vomiting after consuming certain meals."  ECF No. 1 at 18.  Plaintiff consulted with Defendant Jillian Tanner, SWSP's nutritionist, who recommended Plaintiff receive a "'Healthy Heart standard' and should avoid using sauce and other items that worsen reflux."  Id. at 20.  Plaintiff alleges Defendant D'Amico "state[d] NJDOC policy is not to approve GERD Diet, or allergic Diet."  Id.  Defendant Tanner further recommended that Plaintiff "'avoid foods considered irritants, document foods as needed and substitute with commissary.'"  Id.

11.  Plaintiff has not stated an Eighth Amendment violation based on a denial of a GERD-specific diet.  "Because 'mere disagreement as to the proper medical treatment' does not 'support a claim of an eighth amendment violation,' when medical care is provided, we presume that the treatment of a prisoner is proper absent evidence that it violates professional standards of care."  Pearson v. Prison Health Serv., 850 F.3d 526, 535 (3d Cir. 2017) (quoting Monmouth Cty. Corr. Inst. v. Lanzaro, 834

---

[3] The Court understands this acronym to refer to Gastroesophageal reflux disease.

6

F.2d 326, 346 (3d. Cir. 1987)).  Defendants D'Amico and Tanner concluded that the "Healthy Heart Diet" would be sufficient to address Plaintiff's needs after examining him and performing lab tests.  Id. at 19-20.  They made specific recommendations on what foods to avoid.  Id. at 20.  The facts in the complaint suggest Defendants D'Amico and Tanner made a professional judgment in their recommendations, and Plaintiff's disagreement with the decision does not rise to the level of an Eighth Amendment violation.

    12.   The Court will dismiss Count Three in its entirety.  Plaintiff has not stated an Eighth Amendment violation by Defendants D'Amico and Tanner, meaning he has not stated a failure-to-intervene or failure-to-supervise claim against the other defendants listed in Count Three.  He also has not stated a policy claim against Defendants Lanigan, Hicks, Bonds, Powell, Wu, or John Doe because there are no facts suggesting a policy caused a constitutional injury.  The Court will not construe this claim as a negligence claim because there are not enough facts to reasonably infer Defendants D'Amico and Tanner violated their duty of care in addressing Plaintiff's dietary complaints.

    13.   Plaintiff also alleges violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132 et seq., in Counts One and Two.  "The ADA prohibits the exclusion of otherwise qualified participants from any program or benefits on

7

account of their disability." Iseley v. Beard, 200 F. App'x 137, 142 (3d Cir. 2006) (citing 42 U.S.C. § 12132). To establish a violation of Title II, Plaintiff must allege: "(1) that he is a qualified individual; (2) with a disability; (3) who was excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, or was subjected to discrimination by any such entity; (4) by reason of his disability." Dahl v. Johnston, 598 F. App'x 818, 819-20 (3d Cir. 2015) (citing 42 U.S.C. § 12132).

14. Plaintiff has "failed to allege any facts that demonstrated that the alleged inadequate or improper medical care he received was because of a disability." Pierce v. Pitkins, 520 F. App'x 64, 67 (3d Cir. 2013). Additionally, "[t]he treatment (or lack thereof) of a prisoner's medical condition typically does not provide a basis upon which to impose liability under the ADA." McClintic v. Pa. Dep't of Corr., No. 12-6642, 2013 WL 5988956, at *11 (E.D. Pa. Nov. 12, 2013). See also Owens v. Rutgers Univ. Behav. Health Care, No. 15-4730, 2016 WL 7424482, at *5 (D.N.J. Dec. 23, 2016). Accordingly, Plaintiff's ADA claims will be dismissed with prejudice for failure to state a claim.

IT IS therefore on this 7th day of April , 2022,

ORDERED that the complaint shall proceed in part; and it is further

ORDERED that all constitutional claims against Defendants NJDOC, South Woods State Prison, and official capacity claims, be, and hereby are, dismissed with prejudice, 28 U.S.C. § 1915(e)(2)(B)(iii); and it is further

ORDERED that the Count One negligence claim may proceed against Defendants Thomas Berge and University Correctional Health Care, 28 U.S.C. § 1367(a).  The remainder of Count One is hereby dismissed without prejudice for failure to state a claim, 28 U.S.C. § 1915(e)(2)(B)(ii); and it is further

ORDERED that Count Two's Eighth Amendment and New Jersey Civil Rights Act claims against Defendants Jennifer Farestead, Angela Thomas, UCHC, Grace Amistico, Sharmalie Perea, Dr. Latimore-Collier, Stacy William-Hall, Anthony Thomas, and Linda Linen shall proceed.  The remainder of the Count Two is hereby dismissed without prejudice for failure to state a claim, 28 U.S.C. § 1915(e)(2)(B)(ii);; and it is further

ORDERED that Count Three be, and hereby is, dismissed without prejudice for failure to state a claim, 28 U.S.C. § 1915(e)(2)(B)(ii); and it is further

ORDERED that Plaintiff's Americans with Disabilities Act claims be, and hereby are, dismissed with prejudice, 28 U.S.C. § 1915(e)(2)(B)(ii); and it is further

OREDERD that the Clerk shall terminate Defendants Gary Lanigan, Marcus Hicks, Willie Bonds, John Powell, John Wu, John

Doe #1, Jillian Tanner, Victoria D'Amico, Matthew Schullery, South Woods State Prison, and New Jersey Department of Corrections from this action; and it is further

ORDERED that the Clerk of the Court shall provide Plaintiff with a copy of the USM-285 form for each named Defendant; and it is further

ORDERED that Plaintiff shall complete the form for each Defendant and return them to the Clerk of Court, Mitchell H. Cohen Building & U.S. Courthouse, 4th & Cooper Streets, Camden, NJ 08101; and it is further

ORDERED that upon Plaintiff's sending of the completed forms to the Clerk of the Court, the Clerk shall issue summons, and the United States Marshal shall serve a copy of the complaint, summons, and this Order upon Defendants pursuant to 28 U.S.C. § 1915(d), with all costs of service advanced by the United States; and it is further

ORDERED that Defendant(s) shall file and serve a responsive pleading within the time specified by Federal Rule of Civil Procedure 12.

At Camden, New Jersey

s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.